978 F.2d 1259
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gerald J. NELSON, Petitioner-Appellant,
v.
John PRELESNIK, Respondent-Appellee.
 No. 92-1358.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1992.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Gerald Jerome Nelson, a pro se Michigan state prisoner, moves for the appointment of counsel in his appeal from the judgment of the district court dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Nelson was indicted on the charges of first-degree murder and felony-firearm. Following a bench trial, he was convicted of second-degree murder, Mich.Comp.Laws 750.317; Mich.Stat.Ann. 28.424(2), and felony-firearm, Mich.Comp.Laws 750.227b; Mich.Stat.Ann. 28.424(2). He was sentenced to serve twenty to forty years for the murder conviction and two years for the felony-firearm conviction. The Michigan Court of Appeals affirmed Nelson's conviction on direct appeal. The Michigan Supreme Court denied Nelson's application for leave to appeal.
 
 
 3
 In his petition for habeas relief, Nelson alleged:
 
 
 4
 (1) insufficient evidence of premeditation and deliberation was presented at the preliminary hearing to support the bindover on the charge of first-degree murder;
 
 
 5
 (2) an inculpatory statement given to police was given in violation of Miranda v. Arizona, 384 U.S. 436, 478-79 (1966);
 
 
 6
 (3) the trial court did not properly determine the voluntariness of the inculpatory statement;
 
 
 7
 (4) a lineup was impermissibly suggestive and tainted a subsequent in-court identification;
 
 
 8
 (5) he was denied effective assistance of counsel;
 
 
 9
 (6) the trial court improperly found that he had waived his Fifth Amendment right to counsel; and,
 
 
 10
 (7) the prosecutor failed to disclose all known res gestae witnesses on the witness list.
 
 
 11
 The case was submitted to a magistrate judge who recommended that Nelson's petition be denied. The magistrate judge concluded that Nelson failed to cite any federal authority which would suggest that there is a federal constitutional right involved in the preliminary examination procedure utilized by the Michigan courts to determine which cases should result in trials. The magistrate judge also concluded that Nelson's testimony regarding police interrogation was incredible; that Nelson's constitutional rights were not violated by eyewitness testimony and lineup identification; and, that Nelson was not denied effective assistance of counsel.
 
 
 12
 The district court adopted the magistrate judge's report and recommendation over Nelson's objections. Nelson appeals from that judgment. The district court granted a certificate of probable cause to appeal.
 
 
 13
 Upon review, we find no error. The petitioner received a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). Accordingly, Nelson's motion for appointment of counsel is hereby denied and the judgment of the district court is hereby affirmed for the reasons set forth in the magistrate judge's report and recommendation as adopted by the district court. Rule 9(b)(3), Rules of the Sixth Circuit.